[847 NYS2d 854]

In the Matter of ALBERT J. SANTORO (Admitted as ALBERT JOSEPH SANTORO), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 27, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Albert J. Santoro*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the Second Judicial Department on February 19, 1997. At all relevant times, respondent maintained an office for the practice of law within this Judicial Department.

On November 13, 2006, respondent pleaded guilty to a felony information filed in the United States District Court for the Southern District of New York for operating an unlicensed money transmitting business in violation of 18 USC § 1960. Based on this conduct, he was sentenced to 18 months incarceration and supervised release for two years. As a special condition of his supervision, respondent agreed to surrender his law license.

The Departmental Disciplinary Committee asks this Court for an order, pursuant to Rules of this Court (22 NYCRR) § 603.11, accepting respondent's affidavit of resignation from the practice of law and striking his name from the roll of attorneys.

In his affidavit of resignation, sworn to September 4, 2007, respondent acknowledges that based on his guilty plea, and the pending disciplinary investigation/proceeding against him, if charges were brought predicated upon his misconduct he could not successfully defend himself on the merits against such charges. He states that his resignation is freely and voluntarily rendered, and is given free from coercion or duress, and that he is fully aware of the implications of submitting his resignation.

As respondent's affidavit of resignation fully complies with the requirements of Rules of this Court (22 NYCRR) § 603.11 (a), the Committee's motion should be granted, respondent's resignation accepted and, effective nunc pro tunc to September 4, 2007, his name stricken from the roll of attorneys and counselors-at-law in the State of New York.*

LIPPMAN, P.J., ANDRIAS, WILLIAMS, BUCKLEY and KAVANAGH, JJ., concur.

---

* We decline to accept the Committee's recommendation that respondent's name be stricken from the roll of attorney's nunc pro tunc to November 13, 2006.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to September 4, 2007.